**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:07CV78-1-V**
**5:01CR05-V**

|  |  |  |
|---|---|---|
| TROY POWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before this Court upon Petitioner's Motion to Amend, filed June 25, 2007.

On March 13, 2001, Petitioner was one of twenty-four defendants charged with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On March 14, 2002, after a trial by jury, Petitioner was found guilty as to Count One of the Bill of Indictment.  On March 7, 2003, this Court sentenced Petitioner to 240 months imprisonment.  Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit.  On February 6, 2004, Petitioner's sentence and conviction were affirmed. On September 24, 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence which was dismissed on December 12, 2004.  On December 5, 2005, the Fourth Circuit affirmed the denial of Petitioner's Motion to Vacate.

Dockets.Justia.com

Petitioner has now filed a document in which he is, among other things,[1] asking this Court to allow him to add claims to his original Motion to Vacate.  Petitioner's 2004 Motion to Vacate has been reviewed and dismissed and the dismissal has been affirmed on appeal.  Petitioner's new claims are in essence a second motion to vacate[2] and will be treated as such.[3]  However, under AEDPA "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ."  28 U.S.C. § 2255 (1997).  Therefore, because Petitioner has already filed a motion to vacate with this Court (5:04CV154-1-V),  Petitioner must first certify his motion with the Fourth Circuit Court of Appeals before he can file his successive motion in the District Court.

---

[1] The Court notes that Petitioner also references amending his certificate of appealability.  As stated in this Order, the Fourth Circuit has dismissed Petitioner's appeal.  There is no pending certificate of appealability to amend.

[2] In United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206.  The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. Id. at 207.

[3] This Court finds that the Court of Appeals for the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this  would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Amend which is construed as a Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

Signed: July 12, 2007

Richard L. Voorhees
United States District Judge